# United States Court of Appeals for the Fifth Circuit

---

No. 24-50771
CONSOLIDATED WITH
No. 24-50772
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VALENTIN CASTONON-RENTERIA,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:23-CR-2803-1,
2:24-CR-396-1

---

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Valentin Castonon-Renteria appeals following his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) as well as the revocation of a previously imposed term of supervised release, arguing for the first time on

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

appeal that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He does not challenge the revocation judgment. The Government moves for summary affirmance or, alternatively, an extension of time in which to file a brief. Castonon-Renteria takes no position on the motion but concedes that his argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

Because Castonon-Renteria correctly concedes that his argument is foreclosed by *Almendarez-Torres*, *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States,* 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)), summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the district court's judgments are AFFIRMED.